People v Montesi (2025 NY Slip Op 50307(U))

[*1]

People v Montesi

2025 NY Slip Op 50307(U)

Decided on March 6, 2025

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 6, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Daniel Montesi, Defendant.

Docket No. CR-043320-23KN

Prosecution: Kings County District Attorney's Office by ADA Joseph Papeo
Defendant: The Law Office of Andrew S. Rendeiro by Andrew S. Rendeiro, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the Prosecution's failure to timely file a Supplemental Certificate of Compliance (SCOC) following the Court's written order renders their original Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a felony complaint charging Unlawful Imprisonment in the First Degree and related offenses on November 26, 2023 (PL §130.10). On January 26, the Prosecution served and filed a Superseding Information in which the top count was a misdemeanor. On January 29, the parties appeared in Part AP1F, and the case was reduced to Criminal Court. On April 17, the Prosecution served and filed a COC and SOR. Defendant filed a motion to dismiss on November 7, arguing the COC was invalid and failed to stop the speedy trial clock. The Prosecution filed a response on December 4. On December 16, the Court issued a written decision validating the COC and denying Defendant's motion. In the decision, the Court ordered the Prosecution to disclose several materials within twenty-one days if they were in the Prosecution's possession, and to file a SCOC. On January 2, the Prosecution served additional discovery, but did not file a SCOC. Defendant filed the instant motion to dismiss on January 28. Later that day, the Prosecution filed a SCOC. The Prosecution filed a response to Defendant's motion on February 24, 2025.
Defendant argues that the Prosecution failed to adhere to the Court's December 16 order [*2]insofar as they did not file a SCOC within twenty-one days. He contends that, absent the SCOC, the Court cannot properly evaluate whether the belated disclosure affects the validity of the original COC. He argues this warrants dismissal.
The Prosecution argues their COC was filed in good faith after exercising due diligence and is thus valid under CPL §245.50(1). They argue they merely failed to perform a ministerial task, which has no bearing on their diligent efforts. Moreover, they argue that Defendant has not demonstrated prejudice such that dismissal would be the appropriate remedy under CPL §245.80(2).
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
If the prosecution provides additional discovery after filing their COC but prior to trial, they must file a SCOC, detailing the additional materials (CPL §245.50[1]). In the SCOC, the prosecution must also detail the basis for the delayed disclosure so the court may evaluate whether the late disclosure affects the validity of the original COC (CPL §245.50[1-a]; see also People v Bay, 41 NY3d 200 [2023]). The filing of a SCOC shall not affect the validity of the original COC if the COC was filed in good faith after exercising due diligence (id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be [*3]charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
While Defendant is correct that the Prosecution failed to timely file a SCOC within twenty-one days of the Court's order, the Court disagrees that it is sufficient grounds for dismissal. As both parties astutely observe, CPL §245.50(1) mandates the filing of SCOCs so that the court may properly determine whether the delayed disclosure affects the validity of the original COC. Although the Court indeed ordered the Prosecution to file a SCOC upon providing additional materials, it must acknowledge that the Prosecution essentially already provided the basis for the delay in their response to Defendant's original motion on December 4. In that filing, the Prosecution argued that the materials at issue do not relate to the subject matter of the case and therefore do not comprise automatic discovery. They also argued that this conclusion was a good faith legal interpretation for which they should not be sanctioned. That the Court disagreed does not change the Prosecution's underlying reason for initially withholding them. It stands to reason that the delayed disclosure was because of the Court's order. As such, the Court can fairly evaluate whether such delayed disclosure affects the validity of the original COC on the information already presented. The Court thoroughly considered this question and ruled that the COC is valid. Defendant does not provide any substantive basis upon which to disturb this finding. The Court does caution the Prosecution to strictly adhere to its orders. However, on the facts presented here, their failure to do so does not lay the groundwork for dismissal.
CONCLUSION
The Court's initial ruling validating the Prosecution's COC and charging them with seventy-nine days of speedy trial time stands. Accordingly, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
This constitutes the decision and order of the Court.
Dated: March 6, 2025
Hon. Joshua Glick, JCC